IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LOYAL THOMAS ASWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-01171-TMP |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

This matter is before the court on Walmart Stores, Inc.'s Partial Motion to Dismiss Plaintiff's First Amended Complaint filed on July 27, 2018. (Doc. 3). Walmart Stores, Inc. ("Walmart") argues that the claims brought pursuant to the Fourteenth Amendment are due to be dismissed because the plaintiff has failed to allege that Walmart is a "state actor." The plaintiff was given until October 1, 2018, to respond to the motion; to date, the plaintiff has not responded. The parties have consented to dispositive jurisdiction by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c). (Doc. 9). Accordingly, the court enters the following memorandum opinion.

# PROCEDURAL HISTORY

Plaintiff brought this suit in the Circuit Court of Jefferson County, Alabama, asserting claims of Fourteenth Amendment violation, false imprisonment, negligence, and negligent hiring, retention, and supervision. The claims all stem from an incident at a Walmart store where the plaintiff was accused of shoplifting, detained by a Walmart employee, and arrested by local police. However, the sole defendant in the case is Walmart. The case was removed by the defendant on July 27, 2018, asserting diversity jurisdiction.[1] (Doc. 1). The defendant filed the motion to dismiss that is now pending before the court on July 27, 2018. (Doc. 3). The plaintiff's response to the motion was due no later than August 16, 2018. (Doc. 5). The plaintiff failed to respond within the proper time period, and the court notified the plaintiff that he was to respond by October 1, 2018. The plaintiff did not respond.

---

[1] As will be discussed more fully in the text of this Memorandum Opinion, it is not at all clear that the removing defendant has adequately alleged or proven diversity-of-citizenship jurisdiction. The court did not raise this issue *sua sponte* at the time of removal because the complaint also alleged a federal cause of action, thus creating federal-question subject-matter jurisdiction at the time of removal. The court unquestionably has subject-matter jurisdiction to resolve the instant motion to dismiss, whether that be based on § 1331 federal question or § 1332 diversity of citizenship. The remaining state-law claims came within the court's supplemental jurisdiction. 28 U.S.C. § 1367(a). However, upon the granting of the Motion to Dismiss Count One of the complaint, which is the only federal-law claim alleged in it, the court is faced with assessing the adequacy of its diversity jurisdiction to preclude remanding the case to the state circuit court pursuant to 28 U.S.C. § 1367(c). If subject-matter jurisdiction existed based only on a question of federal law, § 1367(c) is applicable; but if diversity jurisdiction also existed at the time of removal, the court still retains original jurisdiction over the remaining state-law claims and § 1367(c) is not applicable.

# STANDARD OF REVIEW

On a motion to dismiss, the court must accept as true all of the facts alleged in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-51, 173 L. Ed. 2d 868 (2009). Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Liberal notice pleading standards embodied in Rule 8(a) "do not require that a plaintiff specifically plead every element of a cause of action," Roe v. Aware Woman Ctr. For Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001), or set out in precise detail the specific facts upon which he bases his claim. The complaint must only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (quoting In re Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

The Supreme Court clarified the threshold for a sufficient pleading in Bell Atlantic Corp. v. Twombly. 550 U.S. 544, 570, 127 S. Ct. 1955, 1965 (2007) (rejecting the standard from Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that any "conceivable" set of facts supporting relief is sufficient to withstand a motion to dismiss). To show that "the pleader is entitled to relief," under Rule 8(a)(2), the complaint must allege facts that "plausibly" demonstrate a viable cause of action. The threshold of plausibility is met when the plaintiff

"pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). To withstand scrutiny under Rule 12(b)(6) a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and that will thus "nudge [his] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The Eleventh Circuit Court of Appeals has explained that the principles set forth in Twombly and Iqbal require the complaint to set forth sufficient facts that "raise a right to relief above the speculative level." Speaker v. U.S. Dep't of Health and Human Servs. Centers for Disease Control and Prevention, 623 F.3d 1371, 1380 (11th Cir. 2010).

**DISCUSSION**

*I. Motion to Dismiss Count One*

Count One of the complaint in this case expressly alleges a claim under the Fourteenth Amendment to the United States Constitution. Section 1 of the Fourteenth Amendment provides:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which

shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1. It is well-settled that the Fourteenth Amendment is a limitation on the power of States and those who act under the states' authority as "state actors." See District of Columbia v. Carter, 409 U.S. 418, 423, 93 S. Ct. 602, 34 L. Ed. 2d 613 (1973) (citing Civil Rights Cases, 109 U.S. 3, 3 S. Ct. 18, 27 L. Ed. 2d. 835 (1883); United States v. Harris, 106 U.S. 629, 1 S. Ct. 601, 27 L. Ed. 290 (1883); United States v. Cruikshank, 92 U.S. 542, 23 L. Ed. 588 (1876)). "The Fourteenth Amendment itself 'erects no shield against merely private conduct, however discriminatory or wrongful.'" Id. (quoting Shelley v. Kraemer, 334 U.S. 1, 13, 68 S. Ct. 836, 842, 92 L. Ed. 1161 (1948).

The remedial vehicle for enforcing the rights enshrined in the Fourteenth Amendment is the cause of action provided by 42 U.S.C. § 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . . .

Under this statute a plaintiff must demonstrate that the constitutional wrong about which he or she complains was committed "under color of state law." See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977, 143 L. Ed. 2d. 130 (1999); Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970) (action under § 1983 requires proof of a constitutional deprivation and that the deprivation occurred "under color of state law"). Private conduct may be properly regarded as "state action" only where "there is sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974) (citing Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 92 S. Ct. 1965, 32 L. Ed. 2d. 627 (1972). Also, a private party may be held responsible under § 1983 if he conspires with a state official to deprive another of constitutionally-guaranteed rights. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) ("[A] private party involved in such a conspiracy [with a state actor], even though not an official of the State, can be liable under § 1983."); see also Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 931 (1982) (citing Adickes in holding that joint action by state officials and private creditors to attach property for the collection of a debt prior to judgment subjects private creditors to § 1983 liability).

Taking all of the allegations in the plaintiff's complaint as true, as the court must at this juncture of the case, nowhere within the plaintiff's complaint does he allege that Walmart acted under color of state law when he claims the company violated his rights. The plaintiff's Fourteenth Amendment cause of action states, in its entirety:

> The Fourteenth Amendment states as follows: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of the law; nor deny to any person within its jurisdiction the equal protection of the laws." As a direct and proximate result of the unlawful policies and acts of the defendants[2] described herein, the plaintiff has incurred economic damage including damage to his reputation and still suffers both physical pain and suffering and psychiatric injury all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs, and disbursements.

(Doc. 1-1, p. 8). This and plaintiff's other claims stem from his detention by a Walmart Asset Protection Officer (alleged to be an employee of Walmart) and his subsequent arrest after he was suspected of shoplifting. Id. at 7. The plaintiff has

---

[2] The reference in the complaint to "defendants" in the plural follows from the complaint's naming as defendants both Walmart and one of its employees (the "Asset Protection Officer employed at Wal-Mart") as a fictitious defendant. The complaint does not attempt to name any police officer or other state actor as a defendant.

not pleaded facts from which the court can conclude plausibly that there is a sufficiently close nexus between Walmart and the state to attribute Walmart's actions to the state, or that Walmart conspired with a state actor to deprive the plaintiff of his Fourteenth Amendment rights. It is not enough to allege merely that a Walmart employee initially detained the plaintiff against his will and later reported to police that the plaintiff had committed a crime. This allegation fails to allege an agreement or "meeting of the minds" between Walmart and the police to carry out the purpose of depriving the plaintiff of his rights. Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1327 (11th Cir. 2015) ("To state a claim for conspiracy under § 1983, a plaintiff must allege that (1) the defendants reached an understanding or agreement that they would deny the plaintiff one of his constitutional rights; and (2) the conspiracy resulted in an actual denial of one of his constitutional rights") (citing Hadley v. Gutierrez, 526 F.3d 1324, 1332 (11th Cir. 2008)). Absent an agreement to infringe constitutional rights, there was no actionable conspiracy and Walmart, as a private entity, is not subject to a cause of action under § 1983. As a result, the plaintiff has failed to state a claim for which relief can be granted against any named defendant in this action.

Defendant's motion to dismiss Count One the plaintiff's claim arising under the Fourteenth Amendment is due to be granted because the plaintiff has failed to demonstrate that Walmart is a state actor or otherwise subject to liability under

§ 1983. The court will enter a separate Order dismissing Count One with prejudice for failure to state a claim for which relief can be granted. In doing so, however, the question arises whether the court still retains federal subject-matter jurisdiction over the remaining counts of the complaint or whether the court should decline to exercise its supplemental jurisdiction under § 1367(c) upon the dismissal of all federal claims.

*II. What Now—Retain or Remand the Case?*

Having concluded that the only federal-law claim in the complaint is due to be dismissed, the court ordinarily would entertain whether to remand the remaining state-law claims under the authority of 28 U.S.C. § 1367(c)(3). With respect to supplemental jurisdiction, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, **(3) the district court has dismissed all claims over which it has original jurisdiction**, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c) (bolding added for emphasis). Thus, if the original jurisdiction of the court were only federal-question jurisdiction under 28 U.S.C. § 1331, the dismissal of the only federal-law claim in

9

the action would trigger the exercise of discretion to decline supplemental jurisdiction over the remaining state-law claims.

In the instant action, however, defendant Walmart removed the case on the basis not of federal-question jurisdiction, but on diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332. If it is correct that diversity jurisdiction exists, the court still retains original jurisdiction over the remaining claims and, ordinarily, may not simply decline to exercise that jurisdiction by remanding the state-law claims.³ The question becomes, therefore, whether the defendant properly removed the case on the basis of diversity jurisdiction, which the court must assess *sua sponte*. "Thus, even if the litigants do not question the court's jurisdiction, the court must inquire into its jurisdictional basis sua sponte." Mirage Resorts, Inc. v. Quiet Nacelle Corp., 206 F.3d 1398, 1401 (11th Cir. 2000) (citing University of S. Ala. v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir.1999)).

Ultimately, it is not clear whether diversity jurisdiction supports this action or not. In the notice of removal, the defendant alleged that it is a citizen of Delaware (where it is incorporated) and Arkansas (where its principal place of

---

³ Ordinarily, federal courts have a "'virtually unflagging obligation ... to exercise the jurisdiction given them.'" Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L. Ed. 2d 1 (1996) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 821, 96 S. Ct. 1236, 1248, 47 L. Ed. 2d 483 (1976)). However, there can be "exceptional circumstances" where the denial of a federal forum serves important countervailing interests. Id. The Colorado River abstention doctrine is an example.

business is located). But with respect to the plaintiff's citizenship, the notice of removal states only the following:

> According to the Complaint, Plaintiff is a resident citizen of the state of Virginia. See Complaint, Parties, ¶ 3. Therefore, he is now, and was at the time of the filing of the complaint, a citizen of Virginia for diversity of citizenship purposes.

Other than asserting that the plaintiff himself alleged in his complaint that he is a Virginia citizen, the notice of removal offers no other evidentiary proof of that fact. Indeed, contrary to the allegation in the notice of removal, paragraph three of the complaint states only that "Plaintiff Loyell Thomas Aswell (hereinafter "Aswell") is a *resident* in Salem, Virginia." (Italic added).[4] It clearly does *not* state that the plaintiff is a *citizen* of Virginia.[5] It is well-known, of course, that residency is not the same as citizenship for purposes of diversity jurisdiction. Because the allegation in the notice of removal rests entirely on the complaint, which, in fact, does not support the allegations of the notice, the court is required to inquire beyond the mere allegation to assess whether there is evidence of the existence of actual diversity jurisdiction. As the Supreme Court has instructed, "We have

---

[4] The plaintiff spells his name different ways. In the caption of the complaint, it is spelled "Loyal," but in paragraph three of the body of the complaint, it is spelled "Loyell."

[5] The court notes also that paragraph 11 of the complaint alleges, "The Plaintiff then he [sic] had to drive from Salem, Virginia, where he *lives*, and then drive back Four (4) times [sic] to go to Municipal Court in Adamsville, Alabama." (Italics added). This adds little to the jurisdictional determination because it simply confirms that plaintiff's residence in Virginia, not his citizenship.

11

interpreted the diversity jurisdiction statute to require courts in certain contexts to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction." Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 174, 134 S. Ct. 736, 745, 187 L. Ed. 2d 654 (2014).

Consider the case of Travaglio v. American Exp. Co., 735 F.3d 1266 (11th Cir. 2013), where a plaintiff filing suit against several defendants on the basis of diversity-of-citizenship jurisdiction alleged only that she was a "resident of the State of Florida." The court of appeals, examining jurisdiction *sua sponte,* "concluded the allegations of citizenship were 'fatally deficient' and that 'nothing in the record ha[d] been called to our attention' that adequately demonstrated the parties were completely diverse." Id. at 1268. The court went on to explain:

> [T]he allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough. Denny v. Pironi, 141 U.S. 121, 123, 11 S. Ct. 966, 35 L. Ed. 657 (1891); Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). And domicile requires both residence in a state and "an intention to remain there indefinitely...." Id. at 1258 (internal quotation marks omitted).

Travaglio v. American Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013). The court of appeals remanded the case to the district court with instructions to dismiss it for want of subject-matter jurisdiction. In the instant case, if the court lacks diversity

12

jurisdiction, it would be free to decline supplemental jurisdiction over the remaining claims and remand the action to state court.

Although Travaglio dealt with jurisdictional allegations in a complaint, the same is true of notices of removal. Because the removing defendant is the party who invokes the federal court's subject-matter jurisdiction, the notice of removal must allege adequately the "citizenship" of the parties, and alleging residence alone is not enough. It is true that the notice of removal here alleges that the plaintiff is a "resident citizen" of Virginia, but there is no factual basis for that conclusory assertion beyond reference to the complaint. In fact, however, the complaint does *not* allege that the plaintiff is a citizen of Virginia; it alleges only that he "resides" and "lives" there. Moreover, the unsworn complaint is not evidence sufficient to prove the fact of the plaintiff's citizenship. Where a question exists about jurisdiction, courts "consistently have required some evidence to assure us jurisdiction exists before we will ignore defective jurisdictional allegations that the plaintiff [or removing defendant] does not amend." Id., citing Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001).

Based on this authority, it appears in this case that the notice of removal based on diversity-of-citizenship jurisdiction defectively alleged the citizenship of the plaintiff. Certainly, defective *allegations* of jurisdiction can be amended

pursuant to 28 U.S.C. § 1653, but *evidence* proving diversity still must be presented. Accordingly, the removing defendant Walmart must be given a reasonably opportunity to show, in fact, that the plaintiff is a citizen of Virginia (or some State other than Delaware and Arkansas) before the court can reach the conclusion that no diversity jurisdiction exists.

## CONCLUSION

Based on the foregoing considerations, the defendant's Motion to Dismiss Count One of the complaint is due to be granted and Count One dismissed. The court will enter a separate order to that effect.

It is hereby ORDERED that defendant Walmart Stores, Inc., shall have until Friday, November 16, 2018, to present to the court any evidence it has to prove that the plaintiff, Loyal Thomas Aswell, is a citizen of the Commonwealth of Virginia (or some State other than Delaware and Arkansas), such that actual diversity of citizenship exists between the parties in this action. In the event a sufficient showing of diversity is made so that the court has actual diversity-of-citizenship jurisdiction, the court will retain jurisdiction of the remaining claims. If a sufficient showing of diversity is not made, the court will decline, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over the remaining state-

law claims and will remand the action to the state court from whence it was removed.

**DONE** and **ORDERED** on November 7, 2018.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE